IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEREMY McDONALD, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:20-cv-02853-D (BT) |
| § | |
| DALLAS COUNTY JAIL. § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff and Dallas County Jail inmate Jeremy McDonald filed this civil rights action on September 15, 2020. (*See* ECF No. 3). The Court granted McDonald leave to proceed *in forma pauperis* but withheld issuance of process pending judicial screening. (*See* ECF No. 8). For the reasons stated, the Court should dismiss McDonald's complaint under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

**Background**

McDonald claims that the Dallas County Jail (the "jail") "has failed [to] keep COVID-19 under control inside the facility." (*See* ECF No. 3 at 4). He claims that the social distancing measures the prison enacted to stem the spread—such as having the inmates sleep in opposite directions on adjoining bunks—does not prevent the spread of COVID-19. (*See id.*). McDonald provides a "timeline" from the first 8 days of April 2020 to support his claims:

1

On April 1, 2020, the jail relocated inmates from "Kays Tower 2d" to the "West Tower 9th Floor." (*Id.* at 9). There were "no chemicals," but there was "mold inside the tanks." (*Id.*). The next day, the inmates were moved to the 7th floor. (*See id.*). The jail did not call the inmates' emergency contacts, did not clean the cell in which the inmates were placed, and did not "give chemicals for inmates [sic] safety . . . ." (*Id.*). On April 3, 2020, Officer Johnson stated to McDonald that he and other inmates had COVID-19 and laughed. (*See id.*). McDonald's family was unsure of where he was located or how unfairly he was being treated. The phones were inoperative, and the inmates were not given "tissue/soap." (*Id.*). On April 4, 2020, an inmate with COVID-19 was housed "inside the same tank with COVID-19." (*Id.*). "They" realized later that the inmate tested positive and "exposed inmates again." (*Id.*). "After 4 days," the phones were "finally turned on" and the "Dallas County Jail couldn't hide inmates from love [sic] ones anymore." (*Id.*). On April 5, 2020, the inmates still had no "chemicals," "no tissue or soap," and "no clean clothes." (*Id.*). Between April 6-8, 2020, chemicals were brought in for the first time, and "due to flood [sic] the whole Kays Tower 2D moves from 9 floor to 7 floor." (*Id.*).

McDonald claims that "everyone" was aware of COVID-19 and the cases inside the Jail. (*See id.* at 10). Indeed, since the "first case that landed in Kays/KT2D family, friends, and employees have been notified about the exposure." (*Id.*). McDonald further avers that, as of September 3, 2020, he

2

has come into contact with prisoners with COVID-19 over 5 times. (*Id.*). He does not allege, however, that he ever acquired COVID-19 because of this exposure. He asks that the "Dallas County Jail/courts" accommodate him during the pandemic instead of discriminating against him. (*Id.*). As for relief, he seeks (1) a release from jail; (2) to have the charges against him dropped; and (3) compensatory damages. (*Id.* at 4).

### Legal Standards

McDonald's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]"

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

A.   <u>McDonald's complaint should be dismissed because the jail is a nonjural entity.</u>

McDonald has named the jail as the sole defendant. (*See* ECF No. 3 at 3). However, the jail is a nonjural entity under § 1983. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government); *see also Lindley v. Bowles*, 2002 WL 1315466, at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence); *Pantoja v. Dallas County Jail*, 2001 WL 1343437, at *2 (N.D. Tex. Oct. 31, 2001) (concluding neither the Dallas County Jail nor its medical staff and medical department are separate legal entities subject to suit under § 1983).

Because the jail is a nonjural entity, the Court should dismiss with prejudice McDonald's claims against it. And because the jail is the only named defendant, McDonald's complaint should be dismissed, with prejudice, in its entirety.

B. <u>McDonald fails to otherwise state a claim for relief.</u>

Even if McDonald had named an entity amenable to suit under § 1983, his allegations nevertheless fail to state a claim. McDonald never alleges that he contracted COVID-19. His complaint appears to be centered upon his belief that action or inaction on the part of the jail increased his risk of contracting the virus. But "a prisoner's generalized fear of contracting COVID-19 is not sufficient to state a claim for relief." *Boyce v. Harris Cnt'y Jail*, 2020 WL 7024665, at \*1 (S.D. Tex. Nov. 30, 2020) (dismissing claim of prisoner that claimed exposure to COVID-19 where the prisoner did not allege that he contracted COVID-19) (citing *United States v. Koons*, 455 F.Supp.3d 285, 292 (W.D. La. 2020) ("General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence."); *Van Dyke v. La. Dep't. of Corr.*, 2020 WL 1869016, at \*2 (W.D. La. Apr. 13, 2020)) (holding that generalized fears of COVID-19 do not establish a right to release, transfer, or any other form of redress) (citations omitted).

"Likewise, [McDonald] cannot recover monetary damages based on allegations of potential harm because the [Prison Litigation Reform Act] precludes an action by a prisoner for compensatory damages 'for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).'" *Boyce*, 2020 WL 7024665, at *2 (citing 42 U.S.C. § 1997(e)(e)). McDonald does not allege that he became ill because of his exposure to COVID-19. Because McDonald does not identify any physical injury, § 1997e(e) of the PLRA precludes him from recovering damages for his mental and emotional distress. *See Alexander v. Tippah Cnt'y, Miss.*, 351 F.3d 626, 630-31 (5th Cir. 2003) (concluding that two inmates could not recover damages from their temporary exposure to "deplorable conditions" because the only injury alleged was nausea from the smell of raw sewage).

In addition to monetary compensation, McDonald's requested relief includes release from jail and dismissal of his criminal charges. (*See* ECF No. 4 at 3). But a "§ 1983 action is not the appropriate means for obtaining such relief." *Fairchild v. McDnough*, 2021 WL 1216480, at *2 (N.D. Tex. Mar. 8, 2021), *rep. and rec. adopted*, 2021 WL 1212799 (N.D. Tex. Mar. 30, 2021) (citing *Wolff v. McDonnell*, 418 U.S. 539, 54 (1974) (distinguishing between habeas corpus and § 1983 suits); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (noting "§ 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures," while

6

"[a] habeas petition…is the proper vehicle to seek release from custody*");* *Whitfield v. Bd. of Pardons & Paroles*, 2011 WL 5986013, at *2 (N.D. Tex. Sept. 14, 2011)) ("A prisoner cannot challenge the fact or duration of confinement in a § 1983 action.") (citing, in turn, *Clarke v. Stadler*, 154 F.3d 186, 189 (5th Cir. 1998), *rep. and rec. adopted* 2011 WL 5980038 (N.D. Tex. Nov. 30, 2011); *Lewis v. Meier*, 2002 WL 31156668, at *2 (N.D. Tex. Sept. 24, 2002)) (finding that plaintiff's request for release from jail was "an inappropriate remedy in an action brought pursuant to 42 U.S.C. § 1983"). Thus, such claims for relief are not cognizable in this action.

## Leave to Amend

Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend his complaint prior to dismissal, but leave to amend is not automatic and may be refused where it would be futile. *See Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020) (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). Here, McDonald's claims are fatally infirm and granting leave to amend would be futile and cause needless delay. *See Ransom v. Nat'l City Mortg. Co.*, 2014 WL 717198, at *6 (N.D. Tex. Feb. 25, 2014) ("Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal[,]" but it is not required, where "granting leave to amend would be futile and cause needless delay.").

7

## Conclusion

The Court recommends that McDonald's complaint be DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

SO RECOMMENDED.

August 4, 2021.

                                        REBECCA RUTHERFORD
                                        UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).